### Copenhaver et al. v. Hemphill.

January 12, 1951.

R. C. Tartar, Judge.

Jay W. Harlan, C. Homer Neikirk, Sam C. Kennedy, Sandusky & Krueger, W. N. Flippin and W. B. Morrow for appellants.

Leonard E. Wilson, Phelps & Wilson, Lilburn Phelps, and Terill A. Wilson for appellee.

CLAY, COMMISSIONER—Affirming.

This case involves competing claims to a tract of land by virtue of descent. The Chancellor adjudged appellee, a niece of the deceased, was rightfully entitled to the property. Appellants are relatives claiming through the father of the deceased.

William Richardson died intestate, owning land in Pulaski County. He was not survived by any children or direct descendants. No brothers or sisters survived him, but appellee claims the estate as the illegitimate daughter of his brother Albert. The principal question is whether or not appellee was legitimized under KRS 391.100 so that she may inherit from her putative father.

There is substantial proof that Albert was the father of appellee, who was born at Cincinnati in 1902. Prior to, and at that time Albert was living with one Florence Gabbard, and he continued to live with her for several years thereafter. Sufficient facts were shown to establish that, under Ohio law, Albert and Florence were parties to a common-law marriage, provided they were not otherwise incapacitated from creating this relationship.

At the time of appellee's birth and until 1908, Florence Gabbard was actually married to a Kentuckian. Therefore, she was legally incompetent to marry anyone else. Such being the case, appellee was illegitimate.

KRS 391.090 provides that a bastard shall inherit only from his mother and her kindred. KRS 391.100, however, after declaring the issue of incestuous or mixed marriages shall not be legitimate, provides in Section 2: "The issue of all other illegal or void marriages is legitimate."

It is admitted that the common-law marriage of Albert and Florence was void at the time of appellee's birth, and they were not ceremonially wedded subsequent to that date, even though Florence was divorced from her former husband in 1908.

Appellants first contend that since Florence was legally married to another at the time of appellee's birth, the presumption is that the former's husband was her father and not Albert. It is true this presumption exists, but there is ample evidence in the record to overcome it. Florence had left her husband several years before appellee's birth; she was living with Albert at that time; the birth certificate shows Albert as the father; and he always acknowledged appellee as his daughter. The Chancellor was clearly justified in finding that appellee was Albert's daughter.

The more serious contention is that since the mother was not competent to contract a marriage of any kind, no common-law marriage relationship could exist under Ohio law, and therefore appellee could not be legitimated even under our statute. In Harris v. Harris, 85 Ky. 49, 2 S.W. 549, the mother of children claiming an estate had entered into a ceremonial marriage with their father at a time when she was married to another. The Court held that though the second purported marriage was void from its inception, the children were legitimate for the purpose of inheriting from their parents.

We can see no distinction between a void ceremonial marriage and a void common-law marriage. The intention of the statute was to protect the innocent victims of these illegal relationships, and with two exceptions, the legislature has declared that the issue of void marriages shall be legitimate.

If appellee's mother and Albert Richardson had gone through a civil ceremony of marriage in Cincinnati, we think there would be no question of appellee's right to inherit from her father. Instead of doing this, her parents so conducted themselves as to create the relationship of common-law marriage. While in either case the marriage would be void, the legislature has declared the issue shall be legitimate. The decision of the Chancellor to this effect was correct.

The judgment is affirmed.